**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------x
**NEW YORK JOINT BOARD, UNITE HERE,**

                **Plaintiff,**              06 Civ. 3462 (LLS)

   v.                                  OPINION and ORDER

**ROSDEV HOSPITALITY, SECAUCUS, LLC,**
**and LA PLAZA, SECAUCUS, LLC**
**d/b/a CROWNE PLAZA HOTEL MEADOWLANDS,**

                **Defendants.**
------------------------------------x

Plaintiff sues under section 301 of the Labor Management Relations Act ("LMRA"), 28 U.S.C. § 185, alleging breach of a labor contract, and seeks a declaratory judgment under 28 U.S.C. § 2201(a) that defendants are obligated to arbitrate the labor grievances raised by plaintiff.

Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (3), or to transfer venue to the District of New Jersey pursuant to 28 U.S.C. § 1406(a).

For the reasons set forth below, defendants' motion is granted, and this action shall be transferred to the District of New Jersey.

BACKGROUND

The following facts are either uncontested or taken from plaintiff's pleadings, papers and declarations in opposition to

the motion to dismiss and are accepted as true. Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 56-57 (2d Cir. 1985).

Plaintiff, New York Joint Board, UNITE HERE ("the Union") is a labor union representing hotel workers in New York City and the surrounding areas. The Union maintains its principal place of business in New York City. It also has an office in Union City, New Jersey. Defendants Rosdev Hospitality Secaucus, LLC and La Plaza Secaucus, LLC, d/b/a Crowne Plaza Hotel Meadowlands (collectively "Rosdev") jointly operate the Crowne Plaza Hotel (the "Hotel") in Secaucus, New Jersey. Their principal place of business is in Secaucus, New Jersey.

The Hotel was originally owned by Felcor Suites, LLC ("Felcor"). In October 2000, Felcor and the Union entered into a collective bargaining agreement (the "CBA"), which included an arbitration provision. The CBA expired by its terms on September 30, 2003. By letter dated September 30, 2004 Felcor indefinitely extended the CBA: "This is to further confirm that the current Agreement shall be extended and shall continue in full force and effect unless either party gives the other ten (10) days written notice of intent to terminate said Agreement." Complaint, Ex. A, at 1. In December 2004, Rosdev bought the Hotel from Felcor.

In January 2005 a dispute arose between the Union and Rosdev concerning lay-offs of several employees at the Hotel. Another dispute arose in March 2005, concerning Rosdev's refusal to provide bargaining-unit employees with paid vacation and sick time as the CBA required. The Union and Rosdev failed to resolve these disputes.

On April 10, 2006, the Union submitted the labor disputes for arbitration to the New Jersey State Board of Mediation, believing that Rosdev assumed the CBA when it purchased the Hotel from Felcor and is therefore obligated to arbitrate. The following day, Rosdev sent a letter to the Board, stating that there was no collective bargaining agreement between the Union and the Hotel and therefore no obligation to arbitrate the disputes.

On May 5, 2006, the Union filed this suit against the Hotel. Defendants' now move to dismiss for lack of personal jurisdiction and improper venue, or to transfer this case to the District of New Jersey.

## DISCUSSION

"In a federal question case, where the defendant resides outside the forum state, federal courts apply the forum state's personal jurisdiction rules if the applicable federal statute does not provide for national service of process." Sunward Electronics, Inc. v. McDonald, 362 F.3d 17, 22 (2d Cir. 2004).

-3-

Since the LMRA does not include such a provision, New York law applies.

The Union argues that there is personal jurisdiction over Rosdev under subsection (a)(1) of New York's long-arm statute, N.Y. C.P.L.R. § 302, which provides:

> Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state[.]

Under that statute, "long-arm jurisdiction over a nondomiciliary exists where (i) a defendant transacted business within the state and (ii) the cause of action arose from that transaction of business. If either prong of the statute is not met, jurisdiction cannot be conferred under CPLR 302(a)(1)." Johnson v. Ward, 4 N.Y.3d 516, 519, 829 N.E.2d 1201, 1202, 797 N.Y.S.2d 33, 34 (2005).

"A nondomiciliary 'transacts business' under CPLR 302(a)(1) when he 'purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws.'" CutCo Industries v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986), quoting McKee

Electric. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 382, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967) (alterations in CutCo).

On a Rule 12(b)(2) motion to dismiss made before discovery, plaintiff only has to make a prima facie showing of personal jurisdiction and all pleadings and affidavits are construed in plaintiff's favor. PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997).

The Union argues that the following activities by Mr. Buchsbaum, on behalf of Rosdev, constitute transacting business:

> The Union and Rosdev engaged in extensive discussions to resolve the paid vacation and paid sick time dispute. Ms. Kelly[1] discussed the issue with Mr. Buchsbaum on the phone on several occasions from her New York office. As reported to me by Ms. Kelly, during these discussions, the Union attempted to negotiate a resolution to the dispute as part of an overall agreement to enter into a new labor contract with Rosdev.

July 11, 2006 Declaration of John Gillis ¶ 11.

There were also telephone arrangements for a bargaining session, which was held at the Union's offices in Union City, New Jersey,[2] followed by a letter to the New Jersey State Board of Mediation disclaiming both the existence of a collective bargaining agreement between the Union and Rosdev and any

---

[1] Julie Kelly was the Union's lead negotiator in this matter.
[2] In March and April, 2006, a four day hearing was held in New Jersey before an administrative law judge of the National Labor Relations Board on charges brought by the Union against the Hotel for violation of the duty to bargain under Section 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5). July 19, 2006 Declaration of Norman R. Buchsbaum ¶ 7.

obligation on Rosdev's part to arbitrate, of which a copy was sent via facsimile to plaintiff in New York City.

"Telephone calls and correspondence sent into New York, by a non-domiciliary defendant who is outside New York, generally are insufficient to establish personal jurisdiction." International Customs Associates v. Ford Motor Co., 893 F.Supp. 1251, 1261 (S.D.N.Y. 1995)(citing cases), aff'd, No. 99-7644, 1999 U.S. App. LEXIS 34305, at *2 (2d Cir. 1999). "If the purpose of the calls is for the defendant to actively participate in business in New York, then they alone may support a finding of New York long arm jurisdiction under C.P.L.R. § 302(a)(1)." Carlson v. Cuevas, 932 F.Supp. 76, 78 (S.D.N.Y. 1996)(citing cases).

Here, neither the telephone calls nor the letter can be characterized as conduct out of which the plaintiff's cause of action arises. During the telephone calls between Ms. Kelly and Mr. Buchsbaum "the Union attempted to negotiate a resolution to the dispute as part of an overall agreement to enter into a new labor contract with Rosdev." Attempts to resolve a claim are not the "cause of action" to which C.P.L.R. § 302 refers. The cause of action arose from the lay-offs and refusal to pay for vacation and sick time, not from attempts to settle the dispute.

Finally, all of the face-to-face negotiations between the parties took place in New Jersey (Buchsbaum Decl. ¶ 4) and

concerned labor disputes and a labor agreement for employees of a New Jersey hotel.

## CONCLUSION

Defendants' motion to transfer is granted. The Clerk of the Court is directed to transfer this case to the United States District Court for the District of New Jersey.

So Ordered.

Dated: New York, NY
August 22, 2006

                              *Louis L. Stanton*
                              Louis L. Stanton
                              U.S.D.J.